IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OLEG CHURYUMOV,<br><br>  Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY (DHS), UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), USCIS NEBRASKA PROCESSING (SERVICE) CENTER, JOHN F. KELLY, Secretary, DHS; LORI SCIALABBA, Acting Director, USCIS; and DONALD NEUFELD, Associate Director, Service Center Operations Directorate of the USCIS;<br><br>  Defendants. | **8:17CV45**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed a Complaint for Writ of Mandamus on February 16, 2017. (Filing No. 1.) He has been granted leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

On December 23, 2016, Plaintiff filed an I-765 Application for Employment Authorization with the U.S. Citizenship and Immigration Services ("USCIS") office in Lincoln, Nebraska. (Filing No. 1 at CM/ECF pp. 4, 6.) He alleges that he filed the employment application while his asylum application was pending. (*Id*.) Plaintiff alleges that USCIS failed to grant or deny his employment authorization application within 30 days of filing such application in violation of the relevant

federal regulation. (*Id*.) He initially sought a writ of mandamus to compel USCIS to consider his employment authorization application. (*Id*.) However, Plaintiff has since filed additional documentation showing that he received a work permit on February 28, 2017, and that he declined a job offer from Hy-Vee on January 31st because he did not have a work permit. (Filing No. 6.) On March 1, 2017, Plaintiff moved his family to a homeless shelter. (*Id*.) Plaintiff now seeks damages to reimburse him for lost income and for "moral injury" caused by moving his family to a homeless shelter and "living on low funds." (*Id*.) Plaintiff names the United States Department of Homeland Security ("DHS"), USCIS, USCIS Nebraska Processing (Service) Center, John F. Kelly (Secretary of DHS), Lori Scialabba (Acting Director of USCIS), and Donald Neufeld (Associate Director of Service Center Operations) as defendants in his Complaint. (Filing No. 1; Filing No. 6.)

## II.  APPLICABLE STANDARDS OF REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"

*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The court finds Plaintiff's request to compel USCIS to consider his employment authorization application moot. *See similarly*, *In re Davis*, 10 Fed.Appx. 69 (4th Cir. 2001) (petition for a writ of mandamus alleging undue delay in acting upon petitioner's motion was moot because the district court entered a final order denying relief). However, the court finds that Plaintiff's claims for monetary damages are not moot. *See, e.g.*, *Watts v. Brewer*, 588 F.2d 646, 648 (8th Cir. 1978) (holding the plaintiff's release from prison "mooted his claims for declaratory and injunctive relief but [did] not moot[ ] his claims for monetary damages").

Plaintiff misconstrues the applicable law. An individual seeking asylum shall submit an employment authorization application "no earlier than 150 days after the date on which a complete asylum application submitted in accordance with §§ 208.3 and 208.4 has been received." 8 C.F.R. § 208.7(a)(1). If an asylum application is not denied, the USCIS "shall have 30 days from the date of filing of the request employment authorization to grant or deny that application, *except that no employment authorization shall be issued to an asylum applicant prior to the expiration of the 180-day period following the filing of the asylum application . . . ." Id.* (emphasis added); *see also* 8 U.S.C.A. § 1158(d)(2) ("An applicant for asylum is not entitled to employment authorization, but such authorization may be provided under regulation by the Attorney General. An applicant who is not otherwise eligible for employment authorization shall not be granted such authorization prior to 180 days after the date of filing of the application for asylum."). Accordingly, USCIS could not issue Plaintiff a work permit 30 days

from the date of his employment authorization application *unless* 180 days passed after the date that Plaintiff filed his asylum application. The court does not know when Plaintiff filed his asylum application nor if it was filed in accordance with §§ 208.3 and 208.4 nor if Plaintiff caused or requested any delays in the process. *See* § 208.7(a)(2) (setting forth when time periods begin and reasons for extension).

Nevertheless, Plaintiff's claims for monetary damages fail for two primary reasons. First, the "Asylum procedure" under which Plaintiff sought employment authorization does not create a private right of action. *See* 8 U.S.C.A. § 1158(d)(7). The question whether Congress intended to create a private right of action is "definitely answered in the negative where a statute by its terms grants no private rights to any identifiable class." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283-84 (2002). Second, Plaintiff's claims are barred by sovereign immunity because he cannot sue an agency of the United States. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (stating *Bivens* action for damages is not actionable directly against agencies of the United States).[1]

IT IS THEREFORE ORDERED that:

1. This action is dismissed with prejudice.

2. The court will enter judgment by separate document.

---

[1] The court presumes that the named individual defendants are sued in their official capacities. *See, e.g.*, *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). Such claims are also barred by sovereign immunity. *See Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) (concluding complaint against government official in official capacity is suit against United States; *Bivens* action cannot be prosecuted against United States because of sovereign immunity).

Dated this 7th day of April, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge